```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────
VICTOR VARGAS AND CONNIE VARGAS,

                    Plaintiff,          10 Civ. 8567 (JGK)

    - against -                         MEMORANDUM OPINION AND
                                                ORDER
DAVID R. HOLDEN, MARY HOLDEN,
PV HOLDING CORP., and AVIS RENT A
CAR SYSTEM, L.L.C.,

                    Defendants.
───────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

On or about September 24, 2010, the plaintiffs, Victor Vargas and Connie Vargas ("plaintiffs"), filed this complaint against the defendants, David R. Holden and Mary Holden ("Holdens"), PV Holding Corp. ("PV Holding"), and Avis Rent a Car System, L.L.C. ("Avis"), in the Supreme Court of the State of New York, Bronx County. On November 12, 2010, the defendants removed this case to the District Court for the Southern District of New York on the basis of diversity of citizenship. On December 8, 2010, the plaintiffs filed this motion to remand to state court asserting that there is incomplete diversity because the PV Holding and Avis defendants conduct business in New York. The plaintiffs later added that remand should also be granted because removal lacked the defendants' unanimous consent. The defendants opposed the plaintiffs' motion.

I.

The defendants removed this action pursuant to 28 U.S.C. § 1441(a), which provides that "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court.  On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal."  Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (citing Grimo v. Blue Cross/Blue Shield of Vt., 34 F.3d 148, 151 (2d Cir. 1994)).  The defendants asserted federal jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332.

The plaintiffs first challenge removal on the ground that complete diversity of citizenship is lacking.  (Pls.' Mot. for Remand and Incorporated Mem. of Law ("Pls.' Mem.") at 6-8.)  The plaintiffs contend that the PV Holding and Avis defendants have "continual and sufficient contacts in New York," thereby defeating complete diversity.  (Pls.' Mem. at 9.)  The plaintiffs rely on New York's long-arm statute, CPLR § 301, to argue that the defendants are, in effect, citizens of New York.  However, this argument confuses personal jurisdiction with diversity jurisdiction.

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

business." 28 U.S.C. § 1332(c)(1); see Hertz Corp. v. Friend, 130 S.Ct. 1181, 1185 (2010).  Whether a corporation has offices or does business in any given state is not controlling for this analysis.  See Vays v. Ryder Truck Rental, Inc., 240 F. Supp. 2d. 263, 265 (S.D.N.Y. 2002).  PV Holding is incorporated in the State of Delaware, with its principal place of business in the Commonwealth of Virginia.  (Defs.' Mem. of Law ("Defs.' Mem.") at 1.)  A limited liability company has the citizenship of its members for the purposes of diversity jurisdiction.  See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000).  Avis's sole member is Avis Budget Group, Inc., a Delaware corporation with its principal offices in New Jersey.  (Further Affirmation of Michael V. Sclafani at ¶ 2.)  Therefore, for the purposes of diversity jurisdiction, Avis is a citizen of Delaware and New Jersey.  The Holdens are citizens of the State of California.  (Def.'s Mem. at 1-2.)  Therefore, because none of the defendants are citizens of New York, the Vargas's state of citizenship, complete diversity exists and the plaintiffs' motion to remand is **denied**.

   The plaintiffs also move to remand on the ground that removal was improper because it lacked the defendants' unanimous consent.  (Further Affirmation in Supp. of Pls.' Mot. for Remand ("Pls.' Affirmation") at 2.)  The plaintiffs argue that because the defendant Mary Holden, who is represented by separate counsel, had

not filed an answer as of January 5, 2011, unanimous consent did not exist at the time of removal. (Id.)  The plaintiffs also contend that, under 23 U.S.C. § 1446(a), any such consent is now untimely. (Id.)

The plaintiffs are correct that all defendants must consent to removal. See St. Vincent's Hosp. of Staten Island v. Taylor, No. 07 Civ. 0967, 2007 WL 2325073, at *3 (E.D.N.Y. Aug. 10, 2007); see also Beatie & Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006).  Moreover, a court must remand absent unanimous consent. See Glatzer v. Cardozo, No. 05 Civ. 10113, 2007 WL 6925941, at *3 (S.D.N.Y. Sept. 26, 2007).  However, this rule does not apply to those defendants who have not been properly served. See id.; see also 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3730, p. 462 (4th ed. 2009) ("[D]efendants who have not been properly served may be ignored . . . for purposes of requiring their joinder in the notice of removal.").  Once defendants are served, they have thirty days to join in or consent to removal. See 28 U.S.C. § 1446(b); see also Glatzer, 2007 WL 6925941, at *3.  Here, the defendant Mary Holden first received a copy of the summons and complaint on or about November 27, 2010, which was fifteen days after the defendants removed this case to this Court. (Aff. of Mary Holden ("Holden Aff.") ¶ 3.)  On December 17, 2010, she joined in the request for removal. (Id.)  Accordingly, her

4

silence on the date of removal does not defeat unanimous consent, and her subsequent consent to removal is timely. Therefore, removal is proper and the plaintiffs' motion to remand is **denied**.

CONCLUSION

Therefore, as explained above, the plaintiffs' motion to remand is **denied**. The Clerk is directed to close Docket No. 3.

**SO ORDERED.**

Dated:  New York, New York
        February 7 , 2011

                                    John G. Koeltl
                                    United States District Judge

5